# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Zehentbauer Family Land LP**<br>32491 McKaig Road<br>Hanoverton, Ohio 44423 | : <br><br>: | Case No. 4:19-cv-2434<br><br>Judge |
| **Hanover Farms LP**<br>32491 McKaig Road<br>Hanoverton, Ohio 44423 | :<br><br>: | **CLASS ACTION COMPLAINT**<br><br>Action for Breach of Contract, Damages, and Class Certification |
| **Evelyn Frances Young, Successor Trustee of The Robert Milton Young Trust, dated May 14, 1998**<br>Flat 15<br>Marine Point<br>Radnor Cliff<br>Folkestone CT20 2TX UK | :<br><br><br>:<br><br>:<br><br>: | <br><br>(Jury Demand Endorsed Hereon)<br><br><br>Attorneys for Plaintiffs |
| Plaintiffs, on their own behalf and on Behalf of the Class defined herein, | :<br>:<br>: | Dennis E. Murray, Jr. (0038509)<br>William H. Bartle (0008795)<br>MURRAY & MURRAY CO., LPA |
| v. | :<br>: | 111 E. Shoreline Drive<br>Sandusky, Ohio 44870-2517<br>Facsimile: (419) 624-0707<br>Direct Dial: (419) 624-3126 |
| **EAP OHIO, LLC**<br>5847 San Felipe St.,<br>Suite 300<br>Houston, TX 77057<br>c/o<br>CT Corporation System<br>4400 Easton Commons Way STE 125, Columbus, Ohio 43219 | :<br><br>:<br><br><br>: | dmj@murrayandmurray.com<br>whb@murrayandmurray.com<br><br>Scott M. Zurakowski<br>Terry A. Moore<br>Gregory W. Watts<br>Krugliak, Wilkins, Griffiths &<br>    Dougherty Co. L.P.A.<br>4775 Munson St. NW; P.O. Box 36963 |
| **EAP OPERATING, LLC**<br>5847 San Felipe St.,<br>Suite 300<br>Houston, Texas 77057<br>c/o<br>National Registered Agents Inc.<br>4400 Easton Common Way STE 125, Columbus, Ohio 43219 | :<br><br>:<br><br>:<br><br>: | Canton, Ohio 44735-6963<br>Direct Dial: 330-244-2878<br>Main Phone: 330-497-0700, ext 173<br>Fax: 330-497-4020<br>szurakowski@kwgd.com<br>tmoore@kwgd.com<br>gwatts@kwgd.com |

| | |
|---|---|
| **ENCINO ACQUISITION PARTNER HOLDINGS, LLC**<br>5847 San Felipe St.,<br>Suite 300<br>Houston, Texas 77057<br>c/o<br>National Registered Agents Inc.<br>4400 Easton Common Way STE 125, Columbus, Ohio 43219 | :<br>:<br>:<br>:<br>: |
| **ENCINO ENERGY, LLC**<br>5847 San Felipe St.,<br>Suite 300<br>Houston, Texas 77057<br>c/o<br>National Registered Agents Inc.<br>4400 Easton Common Way STE 125, Columbus, Ohio 43219 | :<br>:<br>:<br>: |
| Defendants. | :<br>: |

Plaintiffs Zehentbauer Family Land LP, Hanover Farms LP, and Evelyn Frances Young, Successor Trustee of The Robert Milton Young Trust, dated May 14, 1998 (jointly "Plaintiffs"), individually and on behalf of a proposed class of all others similarly situated, submit this Complaint against Defendants EAP Ohio, LLC, EAP Operating, LLC, Encino Acquisition Partner Holdings, LLC, and Encino Energy, LLC (collectively "Defendants"), to obtain money damages against the Defendants for systematically violating uniform oil and gas leases and underpaying owed royalties. Plaintiffs further state as follows:

## THE PARTIES

1. Plaintiffs/Class Representatives, Zehentbauer Family Land LP and Hanover Farms LP, (collectively "Zehentbauer") are legal entities under Ohio law with their principal places of business in Columbiana County. At all times relevant to the

2

actions of this Complaint, Zehentbauer has been the fee simple title owner of oil and natural gas estates in tracts of land located in Columbiana County, Ohio. Zehentbauer leased the oil and gas for 655.99 acres and 296.361 acres, respectively, pursuant to written lease agreements with Ohio Buckeye Energy, L.L.C.

2. Plaintiff/Class Representative Evelyn Frances Young, Successor Trustee of The Robert Milton Young Trust, dated May 14, 1998 ("Young") resides in the United Kingdom. At all times relevant to the actions of this Complaint, Young has been the fee simple title owner of oil and natural gas estates in tracts of land located in Carroll County, Ohio. Young leased the oil and gas for 166 acres, pursuant to a written lease agreement with Chesapeake Exploration, L.L.C.

3. Defendant EAP Ohio, LLC ("EAP Ohio"), is a limited liability company organized under the laws of the State of Delaware, with its principal office at 5847 San Felipe St., Suite 300 Houston, Texas 77057. The registered agent for service of process on EAP Ohio in Ohio is CT Corporation System, 4400 Easton Common Way STE 125, Columbus, Ohio 43219.

4. Defendant EAP Operating, LLC ("EAP Operating") is a limited liability company organized under the laws of the State of Delaware with its principal office at 5847 San Felipe St., Suite 300 Houston, Texas 77057. The registered agent for service of process on EAP Operating in Ohio is National Registered Agents Inc., 4400 Easton Common Way STE 125, Columbus, Ohio 43219.

5. Defendant Encino Acquisition Partners Holdings, LLC ("Encino Acquisition") is a limited liability company organized under the laws of the State of

3

Delaware with its principal office at 5847 San Felipe St., Suite 300 Houston, Texas 77057. The registered agent for service of process on Encino Acquisition in Ohio is National Registered Agents Inc., 4400 Easton Common Way STE 125, Columbus, Ohio 43219.

6. Defendant Encino Energy, LLC ("Encino Energy") is a Texas limited liability company with its principal office at 5847 San Felipe St., Suite 300 Houston, Texas 77057. Its Utica Ohio Headquarters are located at 2321 Energy Dr., Louisville, Ohio 44641. The registered agent for service of process on Encino Energy in Ohio is National Registered Agents Inc., 4400 Easton Common Way STE 125, Columbus, Ohio 43219.

## JURISDICTION AND VENUE

7. Plaintiffs repeat and re-allege each and every allegation set forth in the foregoing paragraphs.

8. This Complaint is brought by Plaintiffs, against Defendants EAP Ohio, EAP Operating, Encino Acquisition, and Encino Energy which develop and produce oil and gas from properties located in the State of Ohio, including in Columbiana County.

9. Defendants EAP Ohio, EAP Operating, Encino Acquisition and Encino Energy are Delaware and Texas limited liability companies with their principal place of business in Texas.

10. This court has original jurisdiction over this action under 28 U.S.C. Section 1332 (d) of the Class Action Fairness Act because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at least 100 members of the proposed Class, and at least one member of the proposed Class is a

citizen of a different state from one of the Defendants. Venue is appropriate in this district under 28 U.S.C. Section 1391 because a substantial part of the events giving rise to the claims occurred in this District and some of the leaseholds are located in this District.

11. The oil and gas lease agreements were entered into in the State of Ohio and Ohio law governs. The oil and gas properties are located in Columbiana County, and Carroll County, Ohio. Defendants continue to send royalty and other monetary payments to Plaintiff Zehentbauer who resides in Columbiana County, Ohio. Pursuant to the leases, Plaintiffs have made objection to Defendants' calculations and incorrect payments of royalties more than 30 days ago. See Exhibit 1, Zehentbauer Notice Letter; Exhibit 2, Hanover Notice Letter; and Exhibit 3, Young Notice Letter. Defendants have not responded to the Notice and more than 30 days have elapsed.

## COMMON FACTUAL BACKGROUND

12. In 2010 and 2011, Ohio Buckeye Energy LLC ("Buckeye") and later Chesapeake Exploration, LLC ("Chesapeake") began leasing hundreds of thousands of acres of oil and gas rights throughout Eastern Ohio.

13. Buckeye and Chesapeake amassed leaseholds for hundreds of thousands of mineral acres in Ohio.

14. Shortly after acquiring its leaseholds, Buckeye merged into Chesapeake.

15. On or about October 29, 2018, one or more of the Defendants acquired all of Chesapeake's interest in and to the leaseholds consisting of hundreds of thousands of mineral acres in Ohio.

16. Upon information and belief, the named Defendants are or collectively became the lessees under the Buckeye and Chesapeake leases and assumed all responsibility under the leases, including, but not limited to, all implied covenants and all express obligations, and Defendant EAP Operating became the operator and manager of any wells regarding the production and sale of all oil, gas, liquid natural gas and the constituents thereof and the payment of royalties to lessors under the leases, on behalf of EAP Ohio and the other Defendants.

17. While amassing Defendants' leaseholds, which are the subject of this Complaint, Buckeye and Chesapeake had negotiated with various landowner groups for leases on numerous land tracts that contain uniform provisions governing gross royalty payments (sometimes referred to as a group lease).

18. Plaintiff Zehentbauer Family Land LP's oil and gas lease is a representative example of one group lease signed by hundreds of Ohioans. A true and accurate copy of the lease to Zehentbauer Farms is attached as "Exhibit 4" (hereinafter "Zehentbauer Farms Lease").

19. Plaintiff Zehentbauer Family Land LP leased the mineral rights to 655.99 acres in Columbiana County, Ohio, known as Zehentbauer Farms, which were leased and drilled by Defendants' predecessors.

20. Plaintiff Hanover Farms LP, through the same uniform lease, also leased the mineral rights to 296.361 acres in Columbiana County, Ohio, known as Hanover Farms, which were leased and drilled by Defendants' predecessors. A true and accurate copy of the Hanover Farms lease is attached as "Exhibit 5" (hereinafter "Hanover Farms Lease").

21. Plaintiff, Evelyn Frances Young, Successor Trustee of The Robert Milton Young Trust, dated May 14, 1998, through the substantiality same uniform lease, leased the mineral rights to approximately 166 acres in Carroll County, Ohio, which were leased and drilled by Defendants' predecessor. A true and accurate copy of the Young lease is attached as "Exhibit 6" (hereinafter "Young Lease").

22. Pertaining to Royalties, Paragraph 5 of both the Zehentbauer Farms and Hanover Farms Leases, states in pertinent part as follows:

> **ROYALTIES.** Lessee covenants and agrees:
>
> **a.** <u>Oil Royalties</u>. To pay Lessor seventeen and one half percent (17.5%) royalty[1] based upon the **gross proceeds** paid to lessee from the sale of oil recovered from the leased premises valued at the purchase price for oil prevailing on the date such oil is run into transporter trucks or pipelines.
>
> **b.** <u>Gas Royalty</u>. To pay to the Lessor seventeen and one half percent (17.5%) royalty based upon the **gross proceeds** paid to the lessee for the gas marketed and used off the leased premises, including casinghead gas or other gaseous substance, and produced from each well drilled thereon, computed at the wellhead from the sale of such gas substances so sold by Lessee in an arms-length transaction to an unaffiliated *bona fide* purchaser, or if the sale is to an affiliate of Lessee, the price upon which royalties are based shall be comparable to that which could be obtained in an arms length transaction (given the quantity and quality of the gas available for sale from the leased premises and for a similar contract term) **and without any deductions or expenses except for Lessee to deduct from Lessor's royalty payments Lessor's prorated share of any tax, severance or otherwise imposed by any government body**. For purposes of this Lease, **"gross proceeds" means the total consideration paid for oil, gas, associated hydrocarbons, and marketable by-products produced from the leased premises**.

[emphasis added.]

---

[1] The royalty percentage varied amongst the subsequent lease groups and ranged from seventeen and one-half percent (17.5%) to twenty percent (20%) gross royalty.

23. Young's royalty provision, provides as follows:

ROYALTIES. Lessee covenants and agrees:

a. Oil Royalties. To pay to the Lessor <u>TWENTY</u> percent (20.0%) royalty based upon the **gross proceeds** paid to the lessee from the sale of oil, including without limitation other liquid hydrocarbons or their constituents and products thereof recovered from the leased premises so sold by Lessee in an arms-length transaction to an unaffiliated bona fide purchaser, or if the sale is to an affiliate of Lessee, the price upon which royalties are based shall be comparable to that which could be obtained in an arms-length transaction (given the quantity and quality of said products available for sale from the leased premises and for a similar contract term) **and without any deductions or expenses**. For purposes of this Lease, **"gross proceeds" means the total consideration paid for oil, gas, associated hydrocarbons, and marketable by-products produced from the leased premises without deductions of any kind** except as provided in paragraph 44.

b. Gas Royalty. To pay to the Lessor <u>TWENTY</u> percent (20.0%) royalty based upon the **gross proceeds** paid to the lessee for the gas marketed and used off the leased premises, including casinghead gas or other gaseous substance, and produced from each well drilled thereon, computed at the wellhead from the sale of such gas substances so sold by Lessee in an arms-length transaction to an unaffiliated bona fide purchaser, or if the sale is to an affiliate of Lessee, the price upon which royalties are based shall be comparable to that which could be obtained in an arms-length transaction (given the quantity and quality of the gas available for sale from the leased premises and for a similar contract term) **and without any deductions or expenses**. For purposes of this Lease, **"gross proceeds" means the total consideration paid for oil, gas, associated hydrocarbons, and marketable by-products produced from the leased premises without deductions of any kind** except as provided in paragraph 44.

[emphasis added.]

24. Paragraph 44 of the Young Lease only allowed deductions for lessor's proportionate share of ad valorem taxes, as follows:

> AD VALOREM TAXES. Lessor and Lessee each shall pay their respective share of all Ad Valorem taxes, Lessor's share to be equal to the percentage of royalty paid to Lessor. Despite anything to the contrary, Lessee shall be responsible for all severance taxes associated with production of oil and gas under this Lease. Lessee agrees to pay for any CAUV recoupment incurred by Lessor as a result of Lessee's operations under this Lease, but any such payment shall be based only upon the acreage actually disturbed by Lessee.

25. The Zehentbauer Farms Lease, Hanover Farms Lease, and Young Lease group forms are collectively hereinafter referred to as the "Gross Royalty Leases."

26. The Gross Royalty Leases provide with specificity, how all lessors' royalties for oil, gas, liquid and gaseous hydrocarbons and their constituents and byproducts thereof (collectively referred to as "Oil and Gas" or "Oil or Gas") are to be determined and paid. The Gross Royalty Leases plainly covenant that there will be no deductions from lessors' royalty except for a pro-rata share of government imposed taxes/fees.

27. The Gross Royalty Leases' royalty clause is clear that government imposed taxes/fees shall be the <u>only</u> deductions that may be deducted from the lessor's royalty interest.

28. The Gross Royalty Leases provide that any sums not paid by Lessee when due shall bear interest at the rate of one and one-half percent (1.5%) per month.

**Defendants' Uniform and Systematic Breach of their Ohio Leases**
**Common Statement of Facts**

29. The Gross Royalty Leases expressly provide for royalty payments to the lessor for 17.5% to 20.0% of sales of all Oil and Gas based on the gross proceeds.

30. Indeed, the operative language found in the royalty clause is common to the Gross Royalty Leases.

31. Upon information and belief, EAP Operating is the current operator of Defendants' oil and gas wells drilled in Ohio, and handles the accounting of and payments of Plaintiffs' royalties for Defendants EAP Ohio, Encino Acquisition and Encino Energy.

32. Since production on or after October 29, 2018, Defendants have improperly made post production deductions of expenses from Plaintiffs' gross royalties owed under the uniform royalty provisions in the Gross Royalty Leases despite direct lease covenants forbidding these deductions.

33. Defendants have levied improper deductions under the guise of assessing costs for various activities, including but not limited to, gathering, processing, dehydrating, transporting, marketing, compression, third party deductions, system fuel, field fuel, and other charges.

34. Encino Operating's royalty statements openly show deductions taken for gathering, processing, dehydrating, transporting, marketing, and compression in violation of the express uniform lease terms.

35. These improper deductions which are shown on the royalty statements related to Defendants' purported costs that substantially reduce lessors' royalty payments.

36. Substantial deductions were taken, even though they were not permitted under the uniform Gross Royalty Leases.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs repeat and re-allege each and every allegation set forth in the forgoing paragraphs.

38. Plaintiffs bring this action under Fed. Evid. R. 23(A); (B)(1)(A); (B)(2); and, (B)(3), on behalf of themselves and the other leaseholder members of the Plaintiff Class defined below.

39. The named Plaintiffs bring this action on behalf of themselves and the following Plaintiff Class comprising:

> All persons entitled to royalty payments from EAP Ohio, EAP Operating, Encino Acquisition, and/or Encino Energy at any time during the years of 2018 and thereafter under uniform oil and gas leases, known generally as Gross Royalty Leases, (some originally entered by Buckeye Exploration Corporation and or Chesapeake Exploration, LLC) which state that the lessors royalty shall be the stated percentage of the gross proceeds received by the lessee without any deductions except for a pro-rata share of governmentally imposed taxes and fees, in return for granting rights to produce oil, natural gas, and the constituents thereof from real property located in Ohio. Excepted from the foregoing class are persons who have filed separate actions requesting the relief sought here and those who have resolved claims requesting the relief sought here. Further excepted from the class are any such lessors employed or owned by any of the Defendants.

40. The members of the Class exceed 100 in number, making joinder of all Class members impracticable.

41. The claims set forth in this Complaint are common to each member of the Plaintiff Class because (i) each Class member is entitled to the payment of additional

11

royalties from Defendants so that the total royalties will equal a fixed percentage of the gross proceeds of the Oil and Gas produced without deduction for any post-production costs; and (ii) Defendants underpaid the royalties due each Class member because of deductions that were not permitted under the uniform provisions of the Gross Royalty Leases.

42. There are questions of law and/or fact common to the Class which predominate over any questions effecting individual members of the Class. These questions are capable of class-wide resolution because the royalty provisions all provide the same result: Defendants were not entitled to deduct any costs or expenses from the Class members' royalties except for governmentally imposed taxes and fees. These questions include, but are not limited to, the following:

    a. Whether the methodology used by Defendants to calculate the Class members' royalties breached the provisions of the Gross Royalty Leases;

    b. Whether the Class members' royalties were computed based on the gross amount received from unaffiliated purchaser(s) without any deductions except for governmentally imposed taxes/fees in accordance with the terms of the Gross Royalty Leases;

    c. Whether Defendants' business arrangements caused the royalty payments to Class Members to include deductions in violation of the Gross Royalty Leases express provisions;

    d. Whether the various types of post-production costs, expenses, or fees that were charged, directly or indirectly, by Defendants to Plaintiffs and the Class members breached the express provisions of the Gross Royalty Leases;

12

  e. Whether the post-production costs, expenses, and fees charged by Defendants to Plaintiffs and the Class members were improper;

  f. Whether Defendants violated their duty to properly account and pay accurate royalties to the Plaintiffs and the Class members on Oil or Gas produced in the State of Ohio, pursuant to the terms of Gross Royalty Leases, as a result of their acts and omissions;

  g. Whether given the legal relationships between the Defendants, all Defendants are jointly and individually liable to the Class Members for any one Defendant's breach of the express terms or covenants of the Gross Royalty Leases.

43. The Plaintiffs are adequate representatives of the Class members because: i) they are each members of the Class; ii) the claims they assert in the Complaint are typical of the claims of the Class members; iii) Plaintiffs' claims are not subject to any unique defenses, iv) Plaintiff's interests do not conflict with those of any other Class member.

44. The named Plaintiffs will fairly and adequately protect the interests of the Class. None of the Plaintiffs' interests conflict with any interest of the Class.

45. The claims set forth herein are proper for certification as a class action under the provisions of Rule 23 of the Federal Rules of Civil l Procedure.

46. The questions of law and fact common to the Class predominate over any issues affecting individual Class members because the class members present uniform issues concerning Defendants' failure to comply with the terms of the Gross Royalty Leases as set forth in this complaint and more specifically in Paragraphs 31 through 35.

Defendants have acted or refused to act on grounds applicable to all members of the proposed class.

47. The Plaintiffs' claims are typical of the Class because the Plaintiffs entered into one of the Gross Royalty Leases, their rights to receive royalties are under the same terms and conditions as the other Class members, and their claims arise out of Defendants' wrongful practice of deducting costs, expenses, and fees from Plaintiffs' royalties (prohibited by the Gross Royalty Leases). Only the determination of individual damages will remain, and that calculation is one of simple mathematics using records of the Defendants that show the actual gross proceeds of Oil and Gas produced under the leases absent any deductions for post-production costs. The Class member leases call for lessors' gross royalty of 17.5% to 20% of the total Oil and Gas production from the well.

48. This class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein because there are more than 100 members in the proposed Class and repeated individual discovery and litigation of the common issues shared by all Class members would needlessly waste judicial resources and because Class members fear retaliation by Defendants which have the ability to reduce their future income. The names and addresses of Class members will be readily identifiable from records of Defendants and through discovery of this action.

49. The Class members' interests in individually controlling the prosecution of separate actions do not outweigh the benefits of class-based litigation on those issues.

50. It is desirable to concentrate the litigation of these claims in one forum. Any difficulty in managing this case as a class action is outweighed by the immense

benefits the class action has in efficiently disposing of common issues of law and fact among the large number of litigants.

51. The prosecution of this civil action by all Class members individually in separate actions would create a risk of inconsistent or varying adjudications of claims by the individual Class members that would establish incompatible standards of conduct for Defendants, could be dispositive of interests of other Class members not parties to the adjudications, or substantially impair or impede Class members ability to protect their interests.

52. Upon information and belief, there is a similar case now pending before this Court against the named Defendants predecessors in title (Chesapeake Exploration, Chesapeake Operating, CHK Utica, and various working interest holders) which address the narrow issues concerning the Gross Royalty Leases with the same issues as are raised in this case. The case is captioned Zehentbauer Family Land, LP, et al. v. Chesapeake Exploration, LLC, et al., Case No. 4:15-cv-02449, and is a related case.

53. Furthermore, Plaintiffs have retained competent counsel experienced in class action litigation to further insure such representation and protection of the Class. To prosecute this case, the prospective Class Representatives have chosen the law firm of Murray and Murray Co., L.P.A. of Sandusky, Ohio as lead counsel, a firm with ample experience in complex litigation and class actions and the law firm of Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A. as co-counsel, a firm with significant experience in oil and gas legal matters. Plaintiffs and their counsel intend to vigorously prosecute this action.

## COUNT ONE
## Breach of Contract

54. Plaintiffs repeat and re-allege each and every allegation set forth in the forgoing paragraphs.

55. At all times relevant to this Complaint, Plaintiffs and Class members have owned or subsequently acquired fee simple title or a royalty interest in oil and gas estates that are real property in the State of Ohio, having entered into or acquired an interest in oil and gas leases with Defendants or their predecessors.

56. Defendants contracted for the leases at issue and/or acquired those leases by virtue of assignments from or contracted agreements with Chesapeake. Plaintiffs, based upon information and belief, state that EAP Operating is the agent of all the other Defendants with respect to the acts of underpaying Plaintiffs' and the Class members' royalties under the Gross Royalty Leases.

57. Under the leases, Defendants were required to pay the Plaintiffs and the Class members a fixed percentage of the gross proceeds of the Oil and Gas received by Defendants without any deductions except for governmentally imposed fees and taxes.

58. Defendants had an affirmative duty to pay the named Plaintiffs and the Class members the true and correct royalties due them under the leases.

59. Beginning in October 2018, Defendants breached its lease obligations to the Plaintiffs and the Class members by failing to pay the full royalties due under the leases.

60. Defendants breached their lease obligations to the Plaintiffs and the Class members.

61. Defendants improperly and incorrectly deducted from the royalties various post-production charges not permitted by the lease agreements. As a direct and proximate result of Defendants' underpayment of royalties in breach of its lease obligations, the Plaintiff and the Class members have suffered damages which, in the aggregate, exceed the minimum jurisdictional amount of this Court. The damages are continuing in nature in that Oil and Gas is still being produced and deductions continue to be improperly made, from existing wells, as well as new wells commencing production, that involve Gross Royalty Leases and their lessors.

62. It is reasonably estimated that the actual damages to Plaintiffs and the proposed Class amount to no less than $5 million dollars in underpaid royalties.

**WHEREFORE**, the Plaintiffs respectfully demand on behalf of themselves and the members of the Class:

a. That this action be certified as a class action as soon as practicable, with the named Plaintiffs serving as Class Representatives and undersigned counsel as Class Counsel;

b. That this Court find that the Defendants have breached the contracts in question by making impermissible deductions to the Plaintiffs' and Class members' royalties contrary to the express provisions of the Gross Royalty Leases;

c. That the conduct of Defendants alleged in this Complaint be ordered, adjudicated and decreed to be unlawful;

d. That the Plaintiffs and the Class members recover full royalties and compensatory damages against Defendants, jointly and severally, as determined by the jury in this case, in a sum in excess of $5 Million Dollars, and that the Plaintiffs and the

Class members be awarded prejudgment and post judgment interest on the contract amount of 1.5% interest per month on the amount of the judgment;

 e. That the Plaintiffs and the Class members be awarded reasonable attorneys' fees, litigation expenses, and the costs of this action;

 f. That the Plaintiffs and the Class members be provided any additional relief that is just and proper and to which the Plaintiffs and the Class members are entitled, either in law or equity.

        Respectfully Submitted,

        *s/ Dennis E. Murray, Jr.*
        Dennis E. Murray, Jr. (0038509)
        William H. Bartle (0008795)
        MURRAY AND MURRAY CO., LPA
        111 E. Shoreline Drive
        Sandusky, Ohio 44870-2517
        Direct Dial: (419) 624-3126
        Facsimile: (419) 624-0707
        dmj@murrayandmurray.com
        whb@murrayandmurray.com

        And

        Terry A. Moore
        Scott M. Zurakowski
        Gregory W. Watts
        Krugliak, Wilkins, Griffiths &
          Dougherty Co. L.P.A.
        4775 Munson St. NW; P.O. Box 36963
        Canton, Ohio 44735-6963
        Direct Dial: 330-244-2878
        Main Phone: 330-497-0700
        Fax: 330-497-4020
        tmoore@kwgd.com
        szurakowski@kwgd.com
        gwatts@kwgd.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all triable issues.

                                    *s/ Dennis E. Murray, Jr*
                                    Dennis E. Murray, Jr. (0038509)
                                    MURRAY & MURRAY CO., L.P.A.

                                    *Attorney for Plaintiff*